UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEANDREW SARTIN,

    **Plaintiff,**

    v.        Case No. 20-CV-1227

ERIN WHALEN,

    **Defendant.**

## SCREENING ORDER

Plaintiff Leandrew Sartin, a former Wisconsin state inmate, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights by miscalculating his release date. This order resolves Sartin's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Sartin's motion and to screen the complaint in light of Sartin's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

### 1. Motion for Leave to Proceed without Prepaying the Filing Fee

The Prison Litigation Reform Act (PLRA) applies to this case because Sartin was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without

prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account as long as he is in custody. *Id.*

On August 13, 2020, the court ordered Sartin to pay an initial partial filing fee of $1.47. (ECF No. 8.) Sartin paid that fee on September 8, 2020. The court will grant Sartin's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee as he is able.

**2. Screening the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain

2

enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Sartin's Allegations*

Sartin is suing Erin Whelan, the records department supervisor at the Milwaukee Secure Detention Facility (MSDF), because he believes she tampered with his sentence computation, affecting his release date. Sartin was incarcerated because of two cases: 09CF841 and 11CF435. His sentences were concurrent. He was arrested on April 24, 2019 for violating his parole.

As best the court can understand, Sartin contends that his sentence credits were not properly applied to his cases, resulting in a release date later than he should have been released. It seems that, because his sentences were concurrent, the MSDF

3

records office had to amend the revocation order (it is not clear precisely why this needed to be done). In the process, his good time credits—totaling 117 days—were never applied when calculating his release date. His revocation sentence was 18 months and his start date was either April 22, 2019, or April 24, 2019, meaning that his October 22, 2020 release date, according to Sartin, could not have included the 117 days of credit. He alleges he was held in prison longer than he should have been due to this miscalculation.

*2.3 Analysis*

Sartin's claim—one that contests the fact or duration of confinement—cannot be brought under § 1983. *Savory v. Lyons*, 469 F.3d 667, 670–71 (7th Cir. 2006). The only avenue a prisoner has for making such a challenge is filing a petition for a writ of habeas corpus. *Id.* at 671 (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)).

The court notes that Sartin is no longer in custody. *See* https://appsdoc.wi.gov/lop/ (showing Sartin was released on extended supervision on October 20, 2020). Until recently, plaintiffs could seek relief related to the fact or duration of their confinement if habeas relief was no longer available to them because they were no longer in custody. However, the Court of Appeals for the Seventh Circuit recently held that prisoners are barred from bringing such claims under § 1983 "regardless of the availability of habeas relief." *Savory v. Cannon*, 947 F.3d 409, 430 (7th Cir. 2020). The court went on: "We disavow the language in any case that suggests that release from custody and the unavailability of habeas relief means that section 1983 must be available as a remedy." *Id.* at 431. Therefore, the fact that Sartin

4

is no longer in custody and habeas relief is no longer available to him does not mean he can bring this claim under § 1983. Because his complaint brings a claim that is not permissible under § 1983, the court will dismiss the case.

3. Conclusion

**THEREFORE, IT IS ORDERED** that Sartin's motion for leave to proceed without prepaying the filing fee (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint brings a claim challenging the fact or duration of confinement.

**IT IS FURTHER ORDERED** that Sartin pay the $348.53 balance of the filing fee as he is able.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil

Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 5th day of January, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge